E-FILED; Worcester Circuit Court
Docket: 7/20/2022 1:46 PM; Submission: 7/20/2022 1:46 PM

| | | |
|---|---|---|
| LAURA WHITAKER<br>20 Easton Avenue<br>Berlin, Maryland 21811 | * <br> * | IN THE CIRCUIT COURT<br><br>FOR WORCESTER COUNTY |
| Plaintiff | * | STATE OF MARYLAND |
| v. | * | CASE NO. C-23-CV-22-000168 |
| WALMART, INC.<br>701 South Walton Boulevard<br>Bentonville, Arkansas 72716 | *<br><br>* | |
| Serve: The Corporation Trust, Incorporated<br>2405 York Road<br>Suite 201<br>Lutherville-Timonium, MD 21093-2264 | *<br><br>*<br><br>*<br><br>* | |
| -and- | * | |
| WAL-MART STORES EAST, LP<br>702 SW 8th Street<br>Bentonville, Arkansas 72716 | *<br><br>* | |
| Serve: The Corporation Trust, Inc.<br>2405 York Road, Suite 201<br>Lutherville-Timonium, MD 21093-2264 | *<br><br>* | |
| -and- | * | |
| WORCESTER RETAIL, LLC<br>601 East Pratt Street<br>Baltimore, Maryland 21202 | *<br><br>* | |
| Serve: RC Ventures, Inc.<br>601 East Pratt Street<br>Baltimore, Maryland 21202 | *<br><br>* | |
| Defendants | * | |

* * * * * * * * * * * * *

## COMPLAINT

1

NOW COMES Plaintiff, LAURA WHITAKER ("Plaintiff"), by and through her attorneys, Bruce F. Bright and Ayres, Jenkins, Gordy & Almand, P.A., and for her causes of action against Defendants, WALMART, INC. ("Walmart"), WAL-MART STORES EAST, LP ("WMSE"), and WORCESTER RETAIL, LLC ("WR") (Walmart, WMSE, and WR shall be collectively referred to herein as "Defendants"), states as follows:

## NATURE OF THE CASE

1. This matter concerns a personal injury, specifically, a severe leg injury and other injuries sustained by Plaintiff on the property located at Walmart Store Number 2560, 11416 Ocean Gateway, Berlin, Maryland ("the Property").

## PARTIES

2. Plaintiff Laura Whitaker is a legal adult residing in Berlin, Maryland.

3. Defendant Walmart is a Delaware corporation and Defendant WMSE is a Delaware limited partnership. Both Walmart and WMSE are engaged in regular business activities and own property in Worcester County, Maryland. Defendant WR is a Maryland limited liability company having its principal office in Baltimore, Maryland.

## UNDERLYING FACTS

4. On October 16, 2019, Plaintiff was a business patron and business invitee at Wal-Mart store number 2560, located at 11416 Ocean Gateway in Berlin, Maryland ("Store"). The Store is, and at all relevant times has been, managed, maintained, owned, and operated by Defendants Walmart and WMSE. At all relevant times, Defendant WR has been the owner of the property where the Store is located.

5. At the time that Plaintiff was walking in and through the entrance of the Store, on October 16, 2019, there were a large number of pumpkins on display outside the store

2

entrance/exit, having been recently placed there by employees of Defendants. The pumpkins were placed there to attract the attention of customers, with the idea that customers would select pumpkins from that area and purchase them inside the Store. The dumping and piling of these pumpkins in this area, to be selected by customers for purchase in the Store, foreseeably created hazards for customers, including pumpkins and pumpkin parts (including stems) winding up as a trip and fall hazard in the area of customer ingress and egress. Defendants had a duty to take reasonable and appropriate steps to manage and maintain the area to protect customers against such hazard(s).

6. In this regard, the dumping and piling of the pumpkins was disorganized and haphazard, without due care; there were no signs warning or instructing customers; there were no barriers keeping customers at a distance from the display and the products contained therein; there were no markings on the ground or elsewhere directing customers in any way away from the hazardous area; and there were no employees stationed or positioned at the location to assist or instruct customers or to ensure that pumpkins and/or pumpkin parts were cleared from paths of customer ingress and egress.

7. A broken pumpkin stem that had been left on the floor in this area, visually blending in with carpeting, was in Plaintiff's path of ingress, unbeknownst to her. Suddenly and without warning, and while exercising due care, Plaintiff tripped and fell due to this broken pumpkin stem in her pathway.

8. Plaintiff stepped on the pumpkin stem, and this caused her to lose her footing, fall violently to the floor (landing on her left knee and shoulder), and suffer severe injuries, which required hospitalization and extensive treatment.

9. At all relevant times, Plaintiff exercised due and proper care, was not contributorily negligent in any way, and acted reasonably under the circumstances.

## COUNT I – NEGLIGENCE / PREMISES LIABILITY
### (against all Defendants)

10. Plaintiff incorporates herein the allegations set forth in paragraphs 1 through 9 above, as if fully re-stated herein.

11. At all relevant times, Defendants owed duties of care to Plaintiff as a business invitee at the Property to: use proper and ordinary care to maintain the Store and subject property safely for business invitees, including Plaintiff; provide a reasonably safe pathway in the entrance to the Store and area in question; maintain all areas of the Store, including the area of Plaintiff's fall to protect against the type of hazard and occurrence at issue in this case; protect business invitees, including Plaintiff, against injury caused by unreasonable risks and hazards which business invitees, by exercising reasonable and ordinary care, could not discovery and avoid; warn business invitees, including Plaintiff, of hazardous conditions; and to otherwise act in a proper and reasonable manner in connection with the property and location in question.

12. Defendants breached the aforementioned duties of care owing to Plaintiff and others similarly situated, and as a result of such breaches by Defendants, Plaintiff suffered serious and permanent bodily injuries.

13. At all relevant times, Plaintiff acted reasonably and with due care and was not contributorily negligent in any respect.

14. Plaintiff could not, by exercising reasonable and ordinary care, discover, have knowledge of, and/or avoid the aforementioned hazardous and unsafe condition(s) upon, and in regard to the operation and management of the Store and the property, at the time of her injury. Defendants could have but failed to: take reasonable steps to eliminate, warn against, and/or

4

minimize the risks/hazards at the Property that caused Plaintiff to become injured, and Defendants had actual or constructive notice of such hazardous conditions prior to Plaintiff's injury. Defendants could have but failed to manage and maintain the area of Plaintiff's fall adequately to protect Plaintiff and others against the type of occurrence that resulted in Plaintiff's injuries.

15. As a proximate result of Defendants' breaches of their duties, and the aforementioned unsafe and hazardous condition(s) on the Property, Plaintiff has suffered and will continue to suffer painful, serious, and permanent bodily injuries, pain and suffering, medical and other expenses, lost income, loss of enjoyment of life, mental anguish, discomfort, and inconvenience.

WHEREFORE, Plaintiff Laura Whitaker demands judgment against Defendants, jointly and severally, for compensatory damages in an amount in excess of $75,000.00, plus costs, and interest, and for such other and further relief as this Court deems just and proper.

## COUNT II – NEGLIGENCE
### (against all Defendants)

16. Plaintiff incorporates herein the allegations set forth in paragraphs 1 through 15 above, as if fully re-stated herein.

17. At all relevant times, Defendants owed a duty of care to Plaintiff to: maintain and operate the Store (and the area where Plaintiff fell) in a manner to protect against broken pumpkin stems falling to the floor or otherwise winding up on the floor and posing a trip hazard; have in place practices and procedures to address and protect against the type of risk that caused Plaintiff to fall; and to otherwise manage the affairs of the Store, and the area where the fall occurred, in a proper and prudent manner, consistent with retail industry standards.

18. Defendants breached such duties of care and, as a result, Plaintiff suffered and

will continue to suffer painful, serious, and permanent bodily injuries, pain and suffering, medical and other expenses, lost income, loss of enjoyment of life, mental anguish, discomfort, and inconvenience.

WHEREFORE, Plaintiff Laura Whitaker demands judgment against Defendants, jointly and severally, for compensatory damages in an amount in excess of $75,000.00, plus costs, and interest, and for such other and further relief as this Court deems just and proper.

Date: _____July 20, 2022_____   AYRES, JENKINS, GORDY & ALMAND, P.A.

By: _____/s/ Bruce F. Bright_____
Bruce F. Bright
(Client Protection Fund # 0006120002)
6200 Coastal Highway, Suite 200
Ocean City, Maryland 21842
410-723-1400
bbright@ajgalaw.com
*Attorneys for Plaintiff*

## CERTIFICATION OF COMPLIANCE

I HEREBY CERTIFY that the attached submission does not contain any restricted information, or if it does contain restricted information, a redacted submission has been filed contemporaneously pursuant to Rule 20-201(h)(2).

_____/s/ Bruce F. Bright_____
Bruce F. Bright